# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CYNTHIA HOOD,** | |
| Plaintiff, | |
| v. | **Civil Action No.** _____ |
| **BBVA USA,** | |
| Defendant. | |

## COMPLAINT

## INTRODUCTION

1. Plaintiff brings these claims against Defendant pursuant to The Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), on the basis of interference and retaliation. Plaintiff is seeking injunctive, equitable and monetary relief. Plaintiff is seeking a declaratory judgment as to her rights, and a permanent injunction restraining Defendant from maintaining a policy, practice, custom or usage of interference with or retaliation against Plaintiff with respect to her exercise of rights under FMLA. Plaintiff also seeks restitution of all rights, privileges, benefits and income that would have been received but for Defendant's unlawful, discriminatory and retaliatory practices. Further, Plaintiff seeks compensatory and liquidated damages for the wrongs alleged herein.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §1331 and §1343, and 29 U.S.C. § 2601, *et seq.*

3. The Defendant is located and doing business within this judicial district and division. The matters giving rise to this cause occurred within Jefferson County, Alabama. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 29 U.S.C. § 2601, *et seq.*, and 28 U.S.C. §1391.

## PARTIES

4. Plaintiff Cynthia Hood, (hereinafter "Hood" or "Plaintiff") who is over the age of nineteen (19) years, is and at all times material hereto was a legal permanent resident of the United States and the State of Alabama, domiciled in Shelby County, Alabama. Plaintiff is and was employed by Defendant BBVA USA, an Alabama corporation ("Defendant" or "BBVA"), during all relevant times regarding this lawsuit and was an employee within the meaning of the FMLA.

5. Defendant is an Alabama corporation domiciled and doing business in Jefferson County, Alabama. At all times relevant hereto, Defendant was an employer of Plaintiff and was an employer within the meaning of the FMLA.

## FACTS

6. Last year Defendant approved FMLA leave for Plaintiff but then fired Plaintiff because she took that FMLA leave.

7. Plaintiff was first employed by Defendant as an operations coordinator beginning on or about August 16, 2010. In 2012, she was promoted to investor services & delivery specialist. In 2015, she was promoted again to information technology & risk advisor. In 2017, she was promoted to compliance risk specialist. In April 2018, she was promoted to business systems analyst.

8. Plaintiff was diagnosed with Fabry disease, a serious medical condition, in or about 2004.

9. Around Christmas 2018, the symptoms began to flare up. The symptoms she suffered included chronic pain, pain attacks (often referred to as "Fabry Crises," neuropathic pain (tingling and burning sensations), fatigue, gastrointestinal problems, heart problems. These problems continued throughout 2019, becoming debilitating at times.

10. On or about October 18, 2019, Plaintiff applied and was approved for intermittent FMLA leave allowing her to take leave intermittently as needed when her disease flared up. Neither Plaintiff nor her physician could predict when or how often these flareups might occur.

11. On November 15 and again on November 18, Plaintiff's disease flared up causing her to suffer debilitating Fabry Crises, and she was forced to take intermittent FMLA leave for part of each day, as previously approved by Plaintiff.

12. On November 20, 2019, Plaintiff was terminated because she took intermittent FMLA leave on November 15 & 18 due to her serious illness.

13. Both days she worked in the mornings and was forced to leave due to flareups of the Fabry disease.

14. Both days, when the suffering increased so much that she could not complete the day, she informed her supervisor that she needed to take intermittent leave due to her serious illness, Fabry disease.

15. When Defendant terminated Plaintiff, it interfered with Plaintiff's rights pursuant to the FMLA and retaliated against her because she attempted to exercise these rights.

16. Plaintiff's absences were protected under the FMLA as they were related to her serious health condition.

17. Plaintiff was eligible for leave under the FMLA.

18. Plaintiff complied with all demands and/or requirements of Defendant for receiving FMLA leave.

19. Defendant unreasonably denied and/or interfered with Plaintiff's rights to take leave pursuant to the FMLA.

20. As stated hereinabove, Defendant terminated Plaintiff's employment during the pendency of her FMLA leave.

21. Defendant's decision to take the above described adverse employment action was causally connected to the protected activity of invoking leave under the Family and Medical Leave Act.

22. Plaintiff's rights were violated under the FMLA.

## CAUSES OF ACTION

### COUNT ONE - FMLA VIOLATION (INTERFERENCE)

23. Plaintiff was denied full benefits and rights under the FMLA, in that Defendant interfered with the exercise of rights to which she was entitled under the FMLA.

24. Plaintiff was at all times material hereto an eligible employee within the meaning of 29 U.S.C. § 2611(2)(A).

25. Plaintiff had a serious health condition within the meaning of 29 U.S.C. § 2612(a)(1)(D).

26. Plaintiff provided Defendant with reasonable notice of her serious health condition and need for leave.

27. Defendant was aware that Plaintiff had a serious health condition and that Plaintiff required intermittent as-needed leave.

28. Defendant was aware that Plaintiff qualified for leave under 29 U.S.C. § 2612(b)(1).

29. Plaintiff was entitled to leave under the Family and Medical Leave Act.

30. By virtue of Defendant's termination of Plaintiff, Defendant denied Plaintiff the right to take leave and to return to the same or an equivalent position when she returned from leave as provided under the Family and Medical Leave Act.

31. Plaintiff was denied the rights provided under the Family and Medical Leave Act.

32. Defendant took an employment action adverse to Plaintiff by terminating her. Defendant unreasonably denied Plaintiff the right to take leave and to return to the same or an equivalent position when she returned from leave as provided under the Family and Medical Leave Act.

33. The said adverse employment action was taken on the basis of Plaintiff having taken leave, which leave should have been accommodated under the Family and Medical Leave Act.

34. Defendant's actions were in violation of the FMLA and were taken willfully and with malice or reckless indifference to Plaintiff's federally protected rights.

35. To redress these wrongs, Plaintiff seeks lost wages, an injunctive, and a declaratory judgment. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

36. As a result of Defendant's intentional interference with Plaintiff's rights under the FMLA, Plaintiff has suffered and will continue to suffer damage to her professional life and career opportunities, pecuniary losses, emotional distress, inconvenience, humiliation, shame, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the following relief:

   a. Injunctive and declaratory relief that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of Plaintiff as secured by FMLA;
   b. Attorneys' fees;
   c. Costs;
   d. Back pay;
   e. Liquidated damages;
   f. Reinstatement to her position; and
   g. Such other legal or equitable relief as may be appropriate to effectuate the purpose of the FMLA or to which Plaintiff may be reasonably entitled.

## COUNT TWO - FMLA VIOLATION (RETALIATION)

37. Plaintiff was at all times material hereto an eligible employee within the meaning of 29 U.S.C. § 2611(2)(A).

38. Plaintiff had a serious health condition within the meaning of 29 U.S.C. § 2612(a)(1)(D).

39. Plaintiff provided Defendant with reasonable notice of her serious health condition and need for leave.

40. Defendant was aware that Plaintiff had a serious health condition that Plaintiff required intermittent as-needed leave.

41. Defendant was aware that Plaintiff qualified for leave under 29 U.S.C. § 2612(b)(1).

42. Plaintiff was entitled to leave under the Family and Medical Leave Act.

43. Plaintiff was engaged in a statutorily protected activity; to wit: she invoked her rights under the Family and Medical Leave Act.

44. Although Defendant initially approved it, Defendant failed and refused to permit Plaintiff to continue taking leave to accommodate her serious health condition.

45. Defendant took an employment action adverse toward Plaintiff, to wit: upon Plaintiff's attempt to exercise her right to medical leave under the FMLA Defendant terminated Plaintiff.

46. The said adverse employment action was taken on the basis of her having taken leave, which leave should have been accommodated under the Family and Medical Leave Act.

47. Defendant's decision to deny Plaintiff leave and to terminate Plaintiff was causally related to the protected activity of invoking leave under the Family and Medical Leave Act.

48. Plaintiff was denied full benefits and rights under the FMLA, in that she was retaliated against based upon her attempted exercise of rights to which she was entitled under the FMLA.

49. Plaintiff engaged in the statutorily-protected activity of applying for FMLA leave and suffered adverse employment decisions when Defendant terminated Plaintiff.

50. Defendant's actions were in violation of the FMLA and were taken willfully and with malice or reckless indifference to Plaintiff's federally protected rights.

51. To redress these wrongs, Plaintiff seeks lost wages, an injunctive, and a declaratory judgment. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

52. As a result of Defendant's retaliation against Plaintiff for attempting to exercise her rights under the FMLA, which resulted in termination, Plaintiff has suffered and will continue to suffer damage to her professional life and career opportunities, pecuniary losses, emotional distress, inconvenience, humiliation, shame, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the following relief:

   a. Injunctive and declaratory relief that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of Plaintiff as secured by FMLA;
   b. Attorneys' fees;
   c. Costs;
   d. Back pay;
   e. Liquidated damages;
   f. Reinstatement to her position; and
   g. Such other legal or equitable relief as may be appropriate to effectuate the purpose of the FMLA or to which Plaintiff may be reasonably entitled.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS.**

*s/ Daniel B. Snyder*
Daniel B. Snyder
Floyd D. Gaines
Counsel for the Plaintiff
Gaines LLC.
2160 Highland Avenue South, Suite 101
Birmingham, Alabama 35205
205/598-5076

**Defendant to be Served:**
BBVA USA
c/o CT CORPORATION SYSTEM
2 NORTH JACKSON STREET SUITE 605
MONTGOMERY, AL 36104